08  CV  6262

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

PEDRO ORTEGA also known as PETER ORTEGA,

                        Plaintiffs,

- against -

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
JAMES LAMENDOLA, SHIELD #281,
DETECTIVE "JOHN" MURRAY, DETECTIVE
SAL ZISA AND OTHER UNNAMED POLICE
OFFICERS,

                        Defendants.

**NOTICE OF REMOVAL**
CASE NUMBER:

**ECF CASE**

JUL 10 2008
U.S.D.C. S.D. N.Y.
CASHIERS

---------------------------------------------------------------------x

Defendants, THE CITY OF NEW YORK, through their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully states upon information and belief:

1.      On June 26, 2008, defendant, THE CITY OF NEW YORK, was served with the Summons and Complaint in this action, which currently is pending in the Supreme Court of the State of New York, Bronx County. Copies of the Summons and Complaint and is annexed hereto as Exhibit A. They constitute all of the prior pleadings, and there has not been a trial of this action.

2.      Plaintiff alleges that the Federal Constitutional rights of PEDRO ORTEGA aka PETER ORTEGA were caused to be violated during his arrest and prosecution for crimes which were alleged to have occurred on June 6, 2005.

3.      Plaintiffs alleges, inter alia, that the defendants violated his Constitutional rights as defined by 42 U.S.C. §1983 by, inter alia, permitting "practices and procedures

whereby prosecutions were permitted to be conducted without probable cause," and that "such practices and procedures constituted a policy or decision officially adopted and promulgated by defendants," or in the alternative, that "such practices and procedures…were so permanent and well-settled as to be equated with a custom or usage," or in the alternative, that "the City of New York…failed to train its individual Assistant District Attorneys" and that "said failure amounts to a deliberate indifference to the rights of persons, such as plaintiff…" (Exhibit A, ¶ 47-56).

4.      Because plaintiff asserts claims founded on violations of the U.S. Constitution, this action may be removed to the district courts of the United States. 28 U.S.C. § 1441.

5.      The Southern District of New York embraces Bronx County, where this action is currently pending.  This action does not fall within any class of action which is prevented from, or limited in, the right of removal.

7.      On July 9, 2008, defendant City of New York searched the Supreme Court, County of Bronx file, bearing Index No. 304300/08, and no affidavits of service were on file for any defendants. Upon information and belief, defendants DETECTIVE JAMES LAMENDOLA, SHIELD #281, DETECTIVE "JOHN" MURRAY,  and DETECTIVE SAL ZISA have not yet been served.

**WHEREFORE,** defendant City of New York respectfully requests that the instant action now pending before Supreme Court of the State of New York, Bronx County, be removed therefrom to the United States District Court of the Southern District of New York, and for such other and further relief as this Court deems proper and just.

Dated: New York, New York
      July 9, 2008

                                      MICHAEL A. CARDOZO,
                                      Corporation Counsel of the City of New York
                                      Attorney for defendants
                                      100 Church Street
                                      New York, NY 10007
                                      (212) 442-0323

By:                                                       
                                    GABRIELE SHAKERI, ESQ. (GS-3046)

TO:

ELLIOT H. FULD
Attorneys for plaintiff
930 Grand Concourse-Suite 1G
Bronx, NY 10451

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX — — — — — — — — — — — —

PEDRO ORTEGA also known as PETER
ORTEGA,

                                        Plaintiffs,

            -against-                                        **SUMMONS**

THE CITY OF NEW YORK, THE NEW YORK          Index No.:
CITY POLICE DEPARTMENT, DETECTIVE
JAMES LAMENDOLA, SHIELD #281,               30430/08
DETECTIVE "JOHN" MURRAY, DETECTIVE
SAL ZISA AND OTHER UNNAMED POLICE
OFFICERS,

— — — — — — — — — — — — Defendant.

TO THE ABOVE NAMED DEFENDANTS:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or if, the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after
the service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of
New York); and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded herein.

Dated:        May 23, 2008

Defendants' address: 1 Police Plaza            ELLIOT H. FULD-
                      New York, NY             Atty. For Plaintiffs
                                               930 Grand Concourse-Suite 1G
                                               Bronx, NY 10451
                                               (718) 410-4111

Plaintiff's residence: 120 Darrow Place, Apt. 11A, Bronx, NY 10475

Notice: The object of this action is one for monetary damages due to false arrest, false
imprisonment, civil rights violations and malicious prosecution.

Upon your failure to appear, judgment will be taken against you by default for the sum
$5.000.000.00 with interest from January 1 2006 and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

PEDRO ORTEGA also known as PETER
ORTEGA,

                                      Plaintiffs,

                       -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
JAMES LAMENDOLA, SHIELD #281,
DETECTIVE "JOHN" MURRAY, DETECTIVE
SAL ZISA AND OTHER UNNAMED POLICE
OFFICERS,

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ Defendant.

**VERIFIED COMPLAINT**

Index No.:

     Plaintiff by his attorney, Elliot H. Fuld, complain of the defendants and allege, upon information and belief as follows:

1.  PEDRO ORTEGA also known as PETER ORTEGA was, at the times of the incident described in this Complaint, a resident of the City and State of New York, County of Bronx.

2.  DETECTIVE JAMES LAMENDOLA, SHIELD #281, DETECTIVE "JOHN" MURRAY, DETECTIVE SAL ZISA AND OTHER UNNAMED POLICE OFFICERS were at all times stated herein and upon information and belief, police officers with the New York City Police Department.

3. That at all times stated herein. DETECTIVE JAMES LAMENDOLA, SHIELD #281,
DETECTIVE "JOHN" MURRAY, DETECTIVE SAL ZISA AND OTHER UNNAMED
POLICE OFFICERS were acting within the scope of their employment with the New
York City Police Department.

4. That at all times stated herein, DETECTIVE JAMES LAMENDOLA, SHIELD #281,
DETECTIVE "JOHN" MURRAY, DETECTIVE SAL ZISA AND OTHER UNNAMED
POLICE OFFICERS, as employees of the New York City Police Department, were
acting as agents, servants and/or employees of THE CITY OF NEW YORK.

5. THE CITY OF NEW YORK at all times herein mentioned, was and still is a municipal
corporation, duly organized and existing in accordance with the laws of the State of
New York.

## AS AND FOR A FIRST CAUSE OF ACTION

6. On or about January 1, 2006, DETECTIVE JAMES LAMENDOLA, SHIELD #281,
DETECTIVE "JOHN" MURRAY, DETECTIVE SAL ZISA AND OTHER UNNAMED
POLICE OFFICERS forcibly seized and detained the Plaintiff in the State of Ohio.

7. After detaining the Plaintiff PEDRO ORTEGA also know as PETER ORTEGA for
several hours. DETECTIVE JAMES LAMENDOLA, SHIELD #281, DETECTIVE

"JOHN" MURRAY, DETECTIVE SAL ZISA AND OTHER UNNAMED POLICE

OFFICERS formally arrested Plaintiff.

8.  The detention and arrest was alleged to be for a homicide which occurred at 1473

Bryant Avenue in the County of Bronx, City and State of New York on June 6, 2005.

9.  Defendants accused and charged Plaintiff PEDRO ORTEGA also know as PETER

ORTEGA with the following crimes alleged to have occurred on June 6, 2005:

      a.     Murder in the Second Degree

      b.     Manslaughter in the First Degree

      c.     Criminal Possession of a Weapon in the Second Degree.

10.  At the time of the arrest and detention Defendants were aware that Plaintiff

PEDRO ORTEGA also know as PETER ORTEGA did not commit those crimes.

11.  The detention, arrest and imprisonment of Plaintiff PEDRO ORTEGA also know as

PETER ORTEGA by THE CITY OF NEW YORK, THE NEW YORK CITY POLICE

DEPARTMENT, DETECTIVE JAMES LAMENDOLA, SHIELD #281, DETECTIVE

"JOHN" MURRAY, DETECTIVE SAL ZISA AND OTHER UNNAMED POLICE

OFFICERS and the filing of criminal charges was without probable cause and without

basis in law or in fact.

12.  On October 11, 2007, by order of the Bronx County Supreme Court (Schachner,

JSC), and with the consent of the CITY OF NEW YORK on behalf of itself and the remaining individual Defendants, Plaintiff were permitted to serve and file a late Notice of Claim in which Plaintiff PEDRO ORTEGA also know as PETER ORTEGA claimed that he was falsely arrested, falsely imprisoned, maliciously prosecuted, suffered a loss of money, earnings and employment opportunities and suffered damage to his reputation (See Exhibit "A").

13.  That on December 17, 2007,  Plaintiff PEDRO ORTEGA also know as PETER ORTEGA was examined, under oath, by a representative of the Defendants pursuant to General Municipal Law §50-h.

14.  That more than thirty (30) days have elapsed since the filing and service of that Claim and since the oral examination of Plaintiff PEDRO ORTEGA also know as PETER ORTEGA and the adjustment or payment thereof has been neglected or refused.

15.   That this action is being commenced within one year and ninety days after the happening of the event upon which the claim is based.

16.  As a result of the false arrest of Plaintiff by Defendants, Plaintiff demands judgement against the Defendants in the amount of Five Million ($5,000,000.00) Dollars.

4

## AS AND FOR A SECOND CAUSE OF ACTION

17.   Plaintiffs repeats all the allegations contained in paragraphs "1" through "16" inclusive as though more fully set forth herein.

18.  As a result of Defendants' actions, Plaintiff PEDRO ORTEGA also known as PETER ORTEGA was falsely imprisoned from on or about January 1, 2006 through and including May 1, 2007, a period of approximately sixteen (16) months.

19.  That at the time of Plaintiff's imprisonment, Defendants, their agents, servants and/or employees knew that Plaintiff should not have been incarcerated.

20.  During the period of Plaintiff's imprisonment, Defendants became aware that a witness(s) in the criminal case had recanted and stated that Plaintiff was not the guilty party.

21.  During the period of Plaintiff's imprisonment, Defendants became aware that physical evidence developed in the case including but not limited to fingerprint and DNA evidence established that Plaintiff was not the guilty party.

22. That with the foregoing made aware to them  the Defendants. their agents. servants and/or employees failed, refused or neglected to undertake any measures which could have resulted in Plaintiff's release.

5

23  That as a result of Defendants' action, Plaintiff PEDRO ORTEGA also known as PETER ORTEGA was compelled to, *inter alia* his liberty and lose employment and earning potential.

24. At no date or times herein mentioned did the Plaintiff in any manner, consent to the confinement and incarceration, heretofore described, suffered at the hands of the Defendants.

25.  Said confinement and incarceration was not privileged in any legal or moral basis.

26.  In view of the foregoing, Plaintiff PEDRO ORTEGA also know as PETER ORTEGA has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

27.  Plaintiffs repeats all the allegations contained in paragraphs "1" through "26" inclusive as though more fully set forth herein.

28.  After Plaintiff's false arrest on or about January 1, 2006, Plaintiff  PEDRO ORTEGA also known as PETER ORTEGA was required to appear in Bronx County Supreme Court on at least thirty (30) occasions to date.

29  That during the pendency of those charges. the Defendants were aware that Plaintiff PEDRO ORTEGA also known as PETER ORTEGA had not committed any of the charges crimes for which he had been falsely arrested.

30. That during the pendency of those charges, the Defendants failed to find any physical evidence connecting Plaintiff PEDRO ORTEGA also known as PETER ORTEGA to any of the charged crimes.

31.. That during the pendency of those charges, the Defendants failed to locate any witnesses who identified Plaintiff PEDRO ORTEGA also known as PETER ORTEGA as the perpetrator of any of the charged crimes.

32. That during the pendency of those charges, the Defendants failed to conduct a "lineup" procedure for the alleged witnesses to view.

33. Irrespective of that, the Defendants continued to pursue criminal charges against Plaintiff.

34. Thirty (30) months after Plaintiff PEDRO ORTEGA also known as PETER ORTEGA was arrested, imprisoned and prosecuted for the crimes charged.  the District Attorney of Bronx County has failed to be ready for trial.

35. Nevertheless. the District Attorney of Bronx County continued to prosecute Plaintiff

and continued to urge that the Bronx County Supreme Court to maintain Plaintiff in custody.

36. During this prosecution as aforesaid, the Bronx County District Attorney was aware that there was no physical evidence connecting Plaintiff to the alleged crime for which the Defendants falsely arrested and prosecuted Plaintiff.

37. During this prosecution as aforesaid, the Bronx County District Attorney was aware that the witness or witnesses had recanted their statements and no longer implicated Plaintiff in the crime.

38. During this prosecution as aforesaid, the Bronx County District Attorney was aware that their only remaining witness could not be located.

39. During this prosecution as aforesaid, the Bronx County District Attorney was aware that their only remaining witness had made statements threatening violence to the victim.

40. During this prosecution as aforesaid, and because of the inability of the Bronx County District Attorney's Office to state their readiness to proceed to trial, the Bronx County Supreme Court was compelled to grant Plaintiff bail over the continued objections of the Bronx County District Attorney's Office.

8

41. Because of the continued objections of the Bronx County District Attorney's Office to permitting the Plaintiff to have bail, the Bronx County Supreme Court would not release Plaintiff but instead set bail in the sum of One Hundred Thousand ($100,000.00) Dollars.

42. Because of the Defendants' actions, the Plaintiff was forced to raise sufficient funds to pay for legal fees and for fees to a bail bondsman to gain his release.

43. In view of the foregoing, the Defendants' prosecution of Plaintiff at all aspects and stages of the criminal case was conducted in the complete absence of probable cause.

44. Prior to, during and after the arrest of Plaintiff, the conduct of DETECTIVE JAMES LAMENDOLA, SHIELD #281, DETECTIVE "JOHN" MURRAY, DETECTIVE SAL ZISA AND OTHER UNNAMED POLICE OFFICERS in their investigation, deviated so drastically from proper police activity as to demonstrate an intentional or reckless disregard for proper procedures.

45. The Defendants' prosecution of Plaintiff PEDRO ORTEGA also know as PETER ORTEGA was conducted with such reckless disregard for the true set of facts that said reckless disregard constituted malice.

46. In view of the foregoing, Plaintiff PEDRO ORTEGA also know as PETER ORTEGA has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

47. Plaintiffs repeat all the statements contained in paragraphs "1" through "46" as though more fully set forth herein.

48. The Defendants, their agents, servants and/or employees, were acting "under color of state law" as defined in 42 U.S.C. 1983 et seq. in committing the acts alleged herein.

49. In performing that acts as aforesaid, the Defendants deprived Plaintiff of his civil and constitutional rights as defined by 42 U.S.C. 1983 et seq and the law interpreting that section.

50. Specifically, the CITY OF NEW YORK and the individual Defendants permitted practices and procedures whereby arrests were sanctioned based upon little or no evidence in the hopes that sufficient evidence to justify an arrest and imprisonment could be discovered after the fact.

51. Specifically, the CITY OF NEW YORK and the individual Defendants permitted practices and procedures whereby prosecutions were permitted to be conducted without probable cause, with little or no evidence and without proper supervision and training of employees to ensure that such a prosecution would not occur.

52. Such practices and procedures constituted a policy or decision officially adopted

10

and promulgated by the Defendants

53. In the alternative, such practices and procedures of the defendants were so permanent and well settled as to be equated with a custom or usage with the force of law.

54. In the alternative, the CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT failed to properly train its individual police officers concerning the necessary quantum and quality of evidence required to justify an arrest.

55. In the alternative, the CITY OF NEW YORK and the Bronx County District Attorney's Office failed to properly train its individual Assistant District Attorneys concerning the necessary quantum and quality of evidence required to sanction an arrest and prosecution of one of its citizens.

56. Said failure amounts to a deliberated indifference to the rights of persons. such as Plaintiff PEDRO ORTEGA also know as PETER ORTEGA, with whom the police come into contact.

57  Said civil rights violations resulted in Plaintiff PEDRO ORTEGA also know as PETER ORTEGA being falsely arrested, falsely imprisoned, maliciously prosecuted and otherwise damaged physically, mentally and emotionally.

11

58. As a result of the foregoing civil rights violations, the Plaintiff PEDRO ORTEGA also

know as PETER ORTEGA has been damaged in the amount of Five Million

($5,000,000.00) Dollars.


**WHEREFORE**, Plaintiff demands of the Defendants as follows:


a.  On the First Cause of Action, the sum of $5,000,000.00; and

b.  On the Second Cause of Action, the sum of $5,000,000.00; and

c.  On the Third Cause of Action, the sum of $5,000,000.00;  and

d.  On the Fourth Cause of Action,  the sum of $5,000,000.00

e.  For punitive damages in the amount of $5,000,000.00.


Dated: May 23, 2008

> Elliot H. Fuld
> Attorney for Plaintiffs
> 930 Grand Concourse-Suite 1G
> Bronx, New York 10451
> (718) 410-4111

12

NEW YORK SUPREME COURT - COUNTY OF BRONX

PART 3m

| | |
|---|---|
| Case Disposed | ❏ |
| Settle Order | ❏ |
| Schedule Appearance | ❏ |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

-----------------------------------------------------------------X

Ortega, Pedro

Index Nº. 18870/07

-against-

Hon.. ~~Paul A. Victor~~

CITY OF New York

Justice.

HON. LARRY S. SCHACHNER

-----------------------------------------------------------------X

The following papers numbered 1 to _____ Read on this motion,
Noticed on _____ and duly submitted as No. _____ on the Motion Calendar of _____

| | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |
| _____ Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this

Resolved per stip

**MOTION GRANTED AS
PER ANNEXED ORDER.**

Motion is Respectfully Referred to:
Justice:
Dated:

Dated: 10 /11 /07

HON. LARRY S. SCHACHNER
J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------- X

Pedro Ortega III    Petitioner

v

The City of NY et al Resp.

-------------------------------------------------- X

INDIVIDUAL ASSIGNMENT PART  3

**STIPULATION**

Index No.  188870/07

Mot. Cal. No  7

Date  10/11/07

**IT IS HEREBY STIPULATED AND AGREED** by and between the below-named attorney(s) as follows:

1) Petitioner's Ortega's Order to show Cause seeking to file a late Notice of Claim is granted without opposition.

2) Petitioner consents to:
   (a) either permitting Petitioner to testify at a 50-h hearing while the criminal action is still pending in Bronx Supreme Court under Indictment # 0372/06 or
   New Index # [illegible] Pur chase of a other comm.
   b) to staying the 50-h until conclusion of the criminal matter, at which time Petitioner will present himself for a 50-h examination

   c) If Petitioner is convicted, Petitioner will withdraw the malicious prosecution claim as to the convicted charges.

Date:  10/11/07

So Ordered.

ENTER:

J.S.C.

LARRY S. SCHACHNER

SC. NO. 88 Rev. 3/86

_____
Attorney for Plaintiff

_____
Attorney for Defendant

_____
Attorney for Defendant

STATE OF NEW YORK
COUNTY OF THE BRONX: ss

    ELLIOT H. FULD, being duly sworn, deposes and says:

I am the attorney for PEDRO ORTEGA, Plaintiff herein, and I verify that all the

statements contained in the attached Complaint have been obtained through a review of

documents pertaining to this case and from conversations with the Plaintiffs and, upon

information and belief, are true. This Verification is made by me because the individual

Plaintiff is not presently residing in the County wherein I maintain my office.


Dated: May 23, 2008

----------------------------------------------
           ELLIOT H. FULD

Duly sworn to this 23rd  day
of May, 2008

Ana Polanco
Notary Public State of New York
No 01PO6133972
Qualified in Bronx County
Commission Expires Sept. 19, 2009

U.S. D ISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO ORTEGA also known as PETER
ORTEGA,                                            Plaintiffs,

        - against -

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
JAMES LAMENDOLA, SHIELD #281,
DETECTIVE "JOHN" MURRAY, DETECTIVE
SAL ZISA AND OTHER UNNAMED POLICE
OFFICERS,

                                                   Defendants.

## NOTICE OF REMOVAL

*MICHAEL A. CARDOZO*
*Corporation Counsel of*
*the City of New York*
*Attorney for Defendant(s)*
*100 Church Street*
*New York, NY 10007*

_____

*Of Counsel:*
GABRIELE SHAKERI (GS-3046)
(212) 442-0323

*Due and timely service is hereby admitted.*

*New York, N.Y.*                      *, 2008.*

............................................................... *Esq.*

*Attorney for* ...............................................................

## AFFIRMATION OF SERVICE

The undersigned, an attorney admitted to practice in the courts of New York State, shows: that she is employed in the office of the Corporation Counsel of the City of New York, and affirms this statement to be true under the penalties of perjury, pursuant to Rule 2106 CPLR. That on the __10th__ day of July, 2008, she served the annexed NOTICE OF REMOVAL

upon:

ELLIOT H. FULD
Attorneys for plaintiff
930 Grand Concourse-Suite 1G
Bronx, NY 10451

by depositing a copy of same enclosed in a postpaid wrapper in a post office box situated at 100 Church Street, in the Borough of Manhattan, City of New York, regularly maintained by the government of the United States in said city directed to said attorney in the Borough of Bronx City of New York, being the address within the State theretofore designated for that purpose.

Dated:  New York, New York
        July 9, 2008

GABRIELE SHAKERI (GS-3046)

4

U.S. D ISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO ORTEGA also known as PETER
ORTEGA,                                             Plaintiffs,

        - against -

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
JAMES LAMENDOLA, SHIELD #281,
DETECTIVE "JOHN" MURRAY, DETECTIVE
SAL ZISA AND OTHER UNNAMED POLICE
OFFICERS,

                                                   Defendants.

## NOTICE OF REMOVAL

*MICHAEL A. CARDOZO*
*Corporation Counsel of*
*the City of New York*
*Attorney for Defendant(s)*
*100 Church Street*
*New York, NY 10007*

_____

*Of Counsel:*
GABRIELE SHAKERI (GS-3046)
(212) 442-0323

*Due and timely service is hereby admitted.*

*New York, N.Y.*                          *, 2008.*

............................................................. *Esq.*

*Attorney for* .............................................................